**UNITED STATES of America, Plaintiff,**

v.

**Rolando Madriz ORTIZ, Defendant.**

**No. SACR 91–13(A)–GLT.**

United States District Court,
C.D. California.

Jan. 29, 1992.

David A. Hoffer, Asst. U.S. Atty., Santa Ana, Cal., for plaintiff.

Law Offices of Howard J. Shopenn, Beverly Hills, Cal., for defendant.

## MEMORANDUM OPINION

TAYLOR, District Judge.

This case presents the novel questions whether it is a due process violation to transfer a defendant's case from state to federal prosecution solely to obtain an increased federal sentence, and whether the court may depart from federal sentencing guidelines because the state sentence would have been substantially less severe than the federal sentence. Both questions are answered in the negative.

## I. BACKGROUND.

Defendant was arrested following an investigation by the City of Garden Grove police department, initiated by a resident's complaint of drug activity. After a police department surveillance, the Garden Grove police obtained a search warrant from a municipal court judge, executed the warrant, and arrested the defendant. He was placed in Orange County Jail and charged under California law with possession of narcotics for sale and conspiracy (California Health and Safety Code § 11351, and California Penal Code § 182).

Less than a month later, the case was presented to a Federal Grand Jury in Los Angeles. An indictment was returned against the defendant charging violations of the Federal Drug Abuse Prevention and Control Statutes. The state charges were later dismissed.

Defendant pled guilty to possession with intent to distribute approximately 936.8 grams of heroin in violation of 21 U.S.C. § 841(a)(1). Among various arguments raised by the defendant at his sentencing hearing, he contended that his due process rights were violated when the state charges were dropped and he was referred to federal authorities for prosecution of federal crimes which carried substantially longer sentences. The court, he argued, should therefore disregard the federal sentencing guidelines and minimum mandatory sentence concerning such offense. The court denied this contention, and also declined to consider disparate state sentencing ranges for purposes of a downward sentence departure. This written opinion is issued concerning such rulings.

## II. DISCUSSION.

The Court concludes the transfer from state to federal prosecution, even to obtain a longer sentence, did not violate defendant's due process rights. The Court also concludes the discrepancy between state and federal sentence guidelines is not a proper basis for federal sentence downward departure.

1. *Due process.*

It is a fundamental rule of due process that "[n]o one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes." *Lanzetta v. New Jersey*, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939). A criminal statute is therefore invalid if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954).

It is not a violation of this rule for the government to select to prosecute a criminal act under one of several applicable statutes. The Supreme Court has long recognized that, when a criminal act violates more than one statute, the Government may prosecute either crime as long as the decision is not based upon an unjustifiable standard such as race, religion, or other arbitrary classification. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668–669, 54 L.Ed.2d 604 (1978); *United States v. Sanchez*, 908 F.2d 1443, 1445 (9th Cir.1990). Consequently, under most circumstances, the decision whether to prosecute and what to charge or bring before a grand jury rests in the prosecutor's discretion. *Bordenkircher*, 434 U.S. at 364, 98 S.Ct. at 668–669. Such prosecutorial discretion is not a violation of due process.

The defendant argues the rule should be different in the case of a prosecutor's discretion to select the *forum*, as opposed to selecting the *statute*. He contends it violates due process for the prosecutor to proceed with this case in federal court because it started in state court and was transferred to federal court solely because the federal penalty is more severe. Defendant asserts his case is entirely and exclusively a state-based claim: it originated with a citizen's tip to a Garden Grove police officer; the investigation was conducted by the Garden Grove police department's narcotics unit; the surveillance of the suspected activity was conducted by state officers; the search warrant was issued by a state judge; the search was executed by Garden

Grove police officers; he was initially charged with violations of California law; and he was originally held at the Orange County Jail. Based on these factors, defendant concludes the case properly belongs in state court.

Similar to the discretion of prosecutors to select the particular crimes to prosecute, federal prosecutors have the discretion to prosecute a defendant in federal court for conduct which may also be a crime under state law. *See Abbate v. United States,* 359 U.S. 187, 194, 79 S.Ct. 666, 670, 3 L.Ed.2d 729 (1959). The government may even seek a federal indictment for criminal conduct after prosecution has already commenced in state court or after a conviction has been obtained there. *Id.* at 195–196, 79 S.Ct. at 670–71. Thus, the transfer of the case from California state court to the federal court does not, by itself, violate defendant's due process rights.

Moreover, a transfer to federal court solely to obtain an increased sentence does not violate a defendant's due process rights. The analogy to the "choice of statute" cases is again appropriate: When evidence supports prosecution under different statutes, the "prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause." *United States v. Batchelder,* 442 U.S. 114, 125, 99 S.Ct. 2198, 2205, 60 L.Ed.2d 755 (1979). The Court reasoned that a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of the indictment and prosecution, and should similarly not be entitled to chose the penalty scheme under which the sentence will be imposed. *Batchelder,* 442 U.S. at 125, 99 S.Ct. at 2205.

Although *Batchelder* dealt with prosecutorial selection among applicable federal statutes, this same principle has been applied by several courts outside the Ninth

Circuit to prosecutorial selection of forum. These courts have found that a prosecutor's decision to transfer a case from state to federal court, thereby subjecting the defendant to a heavier potential penalty, does not violate constitutional due process. *See United States v. Andersen,* 940 F.2d 593, 595–596 (10th Cir.1991) (defendant's due process rights were not violated when he was tried, convicted, and sentenced in federal rather than state court); *United States v. Frankel,* 739 F.Supp. 629, 630 (D.D.C.1990) (court rejected defendants' argument that their due process rights were violated when the case was transferred to federal court where the government can precisely determine the sentence to be imposed to attempt negotiating a plea); *United States v. Smith,* 727 F.Supp. 1023, 1024–25 (W.D.Va.1990) (due process not violated where the case was transferred to federal court after defendant had already been charged in state court, despite fact that stiffer penalties would be imposed).[1]

Although the Ninth Circuit has apparently not spoken on this issue, this Court adopts the reasoning of those cases, and concludes it is no violation of constitutional due process for what would otherwise be a state prosecution to be transferred to federal court solely to obtain an increased federal sentence.

**2. *Departure from Mandatory Sentencing Guidelines.***

■ Implicit in defendant's contention is the argument that, even if federal prosecution is not a due process violation, the court should take into account the great discrepancy between state and federal sentencing guidelines for the same offense as a ground for downward sentence departure. Apparently the Ninth Circuit has not directly ruled on this point, and the court has found no case from another circuit.

While disparities in sentencing are an inevitable part of our criminal justice sys-

---

**1.** The defendant does cite several cases that would support his argument. These cases, however, are without persuasive authority because they have either been reversed or rejected by the circuits. *See, e.g., United States v. Roberts,* 726 F.Supp. 1359 (D.D.C.1989), modified by, *United States v. Holland,* 729 F.Supp. 125 (D.D.C.1990), *rev'd, United States v. Mills,* 925 F.2d 455, 462–63 (D.C.Cir.1991) (vacated and rehearing granted to consider speedy trial act issues); *United States v. Williams,* 746 F.Supp. 1076 (D.Utah 1990), rejected by, *United States v. Andersen,* 940 F.2d 593 (10th Cir.1991).

tem, Congress has attempted to eliminate disparities by developing sentencing guidelines. "The objective of the guidelines 'is to avoid unwarranted sentencing disparities among defendants with similar records who may have been found guilty of similar conduct ...'" *McCleskey v. Kemp*, 481 U.S. 279, 312 n. 35, 107 S.Ct. 1756, 1777 n. 35, 95 L.Ed.2d 262 (1987) (citing 52 Fed. Reg. 3920 (1987)).

Departures from the guidelines are specifically authorized by statute. *See* 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0. But Congress only authorized a departure in the limited situation where the court finds that "... there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b).

Chapter 5, Part K of the Guidelines deals specifically with departures and identifies several factors that the Sentencing Commission was unable to adequately address in establishing the Guidelines. This section again explains that the court may look to other factors that have not been given adequate consideration by the Commission, 'as such factors may warrant departure from the Guidelines. U.S.S.G. § 5K2.0.

The Ninth Circuit follows these principles, and has allowed departures in only limited circumstances.[2] *See, e.g., United States v. Floyd*, 945 F.2d 1096 (9th Cir. 1991) (sentencing guidelines failed to adequately consider the effect which a person's youthful lack of guidance had on that person's criminality); *United States v. Takai*, 941 F.2d 738 (9th Cir.1991) (sentencing guidelines did not consider the circumstance where bribers had not obtained pecuniary benefit from their bribes or where behavior of defendant was aberrant).

Although the Ninth Circuit has not directly ruled whether it is appropriate to take disparate state sentencing ranges into consideration for a downward federal sentence departure, the Circuit touched indirectly on this point in *United States v. Rodriguez–Castro*, 908 F.2d 438 (9th Cir. 1990). There, a defendant argued that a district judge's sentencing *upward* departure was unreasonable because of the disparity between the departure and the state law punishment range. Summarily rejecting this contention, the court noted "the United States and California are separate sovereigns and need not sentence similarly." *Id.* at 442.

The issue before this Court is whether disparate state sentencing ranges may be taken into consideration for a downward federal sentence departure, or whether the Sentencing Commission has already adequately considered the potentially different sentencing structures. In deciding whether the Sentencing Commission adequately accounted for a particular circumstance, the court shall consider only the sentencing guidelines, policy statements, official commentary of the Sentencing Commission, and the Sentencing Reform Act. 18 U.S.C. § 3553(b); *United States v. Lira–Barraza*, 941 F.2d 745, 748 (9th Cir.1991). In the Sentencing Reform Act, Congress has specifically limited the Sentencing Commission's use of state sentencing guidelines, effectively prohibiting downward departures for discrepancies between state and federal sentencing.

First, § 3551(a) establishes that "[e]xcept as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute ... shall be sentenced in accordance with the provisions of this chapter...." 18 U.S.C. § 3551(a). The exception clause at the beginning of the statute was designed to allow for statutes which expressly provide for punishment under state rather than federal law for state-defined crimes. *See, e.g., United States v. Bear*, 932 F.2d 1279

---

**2.** The Ninth Circuit has developed a three-step process for reviewing criminal sentences outside the applicable Guidelines range: (1) whether the district court has the legal authority to depart under 18 U.S.C. § 3553(b); (2) whether there is clear factual error in the findings supporting the existence of the identified circumstance; and (3) whether the extent of the departure from the applicable Guideline range is "unreasonable" within the meaning of 18 U.S.C. § 3742(e)(3) and (f)(2). *United States v. Lira–Barraza*, 941 F.2d 745, 746–747 (9th Cir.1991).

(9th Cir.1990) (Indian Major Crimes Act mandates court to define and punish a non-federally defined criminal offense in accordance with state law). In all other circumstances, the statute provides that a defendant who is found guilty of a federal crime shall be sentenced under the federal sentencing guideline and not state law.

Second, Congress adopted a federal provision for consideration of state sentences in the Assimilated Crimes Act, 18 U.S.C. § 13. That Act allows a person to be found guilty of state crimes only where the particular criminal act is a violation of state law, but is not defined as a federal crime. 18 U.S.C. § 13(a). Those convicted of offenses under § 13 shall be subject "to a like punishment." The "like punishment" requirement of the Assimilative Crime Act mandates that federal court sentences for assimilated crimes must fall within the minimum and maximum terms established by state law. *United States v. Leake*, 908 F.2d 550 (9th Cir.1990).

Thus, Congress adequately considered potentially conflicting state sentencing guidelines and excluded their applicability to federal crimes under § 3551(b). Congress created one exception—the Assimilated Crimes Act—where state sentencing guidelines are applicable, but that Act is not at issue in this case.[3] Therefore, the discrepancy between potential state and federal sentences for this offense is not a factor for considering a sentence departure in this case.

### III. CONCLUSION.

Prosecution of this case in federal court was not a violation of the defendant's constitutional due process right. Further, the fact that there is a discrepancy between the federal and state penalty is not a basis to depart downward from the Sentencing Guidelines.

---

**3.** Specific provisions of the Guidelines also indicate the Commission rejected state sentencing guidelines. *See, e.g.,* U.S.S.G. § 2E1—Racketeering, Commentary Application Notes provide that if the "underlying conduct violates state law, the offense level corresponding to the most analogous federal offense is to be used."