988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rolando Madriz ORTIZ, Defendant-Appellant.
 No. 91-50708.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1993.*
Decided March 9, 1993.
 
 Appeal from the United States District Court For the Central District of California; No. CR-91-0013-GLT-01, Gary L. Taylor, District Judge, Presiding.
 C.D.Cal., 783 F.Supp. 507.
 AFFIRMED.
 Before D.W. NELSON, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rolando Madriz Ortiz pleaded guilty to possessing heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1976). Ortiz appeals his conviction, arguing that the district court erred by denying him a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). Ortiz also appeals his sentence, arguing that the district court erred by sentencing him based upon an incorrect base offense level and by not giving him a two-point reduction for acceptance of responsibility. We have jurisdiction under 28 U.S.C. § 1291 (1992). We affirm.
 
 I. Denial of Motion for Franks Hearing
 
 3
 Ortiz argues that the district court erred by denying his motion for a hearing to challenge two search warrant affidavits under Franks v. Delaware, 438 U.S. 154 (1978). A defendant may challenge a facially valid warrant affidavit if he makes a substantial preliminary showing that: (1) the affidavit contains intentionally or recklessly false statements, and (2) the affidavit would be insufficient to support a finding of probable cause without those statements. United States v. Stanert, 762 F.2d 775, 780 (9th Cir.), amended on other grounds, 769 F.2d 1410 (1985). The Fourth Amendment requires the court to hold an evidentiary hearing at the defendant's request once this showing has been made. Id.
 
 
 4
 We review the denial of a Franks hearing de novo. United States v. Dozier, 844 F.2d 701, 704 (9th Cir.), cert. denied, 488 U.S. 927 (1988). Whether misstatements and omissions are material to a finding of probable cause is also reviewed de novo. Id. at 705. Whether false statements are intentional or reckless, however, is a factual finding reviewed for clear error. Id.
 
 
 5
 Ortiz alleges a number of misrepresentations and omissions in the two affidavits. With respect to the February 11, 1991 warrant for the search of several residences and automobiles, Ortiz alleges that: (1) surveillance commenced on January 16, 1991 rather than on January 24; (2) the affidavit described "Subject Number 1," later identified as Ortiz, as 5'10" and 160 pounds when Ortiz is only 5'3" and 120 pounds; (3) the affiant's description of events which took place on February 6, 1991 is inconsistent with the surveillance officer's notes for that day; and (4) the affidavit failed to note that surveillance did not corroborate the informant's descriptions of noises and vehicular activity.
 
 
 6
 The government responds that the statements in the affidavit were consistent with the surveillance notes for that day. The government conceded that a brief surveillance occurred on January 16, that the physical description of Ortiz was erroneous, and that the affidavit did not discuss the failure to corroborate the informant's observations of noise and traffic. However, the government argued that these errors were neither reckless nor intentional and were not necessary to a finding of probable cause.
 
 
 7
 With respect to the February 13, 1991 warrant for the search of two storage lockers, Ortiz alleges that: (1) the affidavit incorrectly identified a suspect who was observed on February 11 as Ortiz; (2) this unidentified suspect was carrying a paper bag, rather than a plastic bag; (3) this unidentified suspect left the residence at 5:40 p.m., and not at 5:00 p.m.; (4) the storage locker manager reported that he saw the suspect leave locker 94, not 96; and (5) the affidavit failed to state that a narcotics detector dog made no alert outside lockers 94 and 96 on the night of February 11.
 
 
 8
 The government conceded that the suspect's bag was paper, that the affidavit misstated the time of the suspect's departure, and that the suspect who was followed on February 11 was not Ortiz. Again, however, the government argued that the errors did not reflect bad faith or affect probable cause. The government also conceded that the affidavit omitted the results of the dog sniff, but argued that Ortiz neither demonstrated bad faith nor demonstrated that inclusion of the dog sniff results would have affected probable cause. The government did not concede that the affidavit misstated the locker number.
 
 
 9
 After an extensive hearing at which all of these allegations were argued at length, the district court concluded that Ortiz had not made the substantial showing required for a Franks hearing. The district court found explicitly that there was no adequate showing of the requisite deliberate or reckless conduct. [ER 29, 36-40]. On appeal, Ortiz relies exclusively on the arguments made and documents submitted below. He has not offered any additional reasons which would lead us to conclude that the district court's finding was clearly erroneous. Because the district court's conclusion that the omissions and misrepresentations were not intentional or reckless was not clear error, the denial of the motion for a Franks hearing was proper.[1]
 
 II. Sentencing
 
 10
 Ortiz argues that the district court sentenced him in accordance with an incorrect base offense level and denied him a two-point reduction for acceptance of responsibility. We review the legality of a sentence de novo. United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992). Factual findings during sentencing are reviewed for clear error. United States v. Upshaw, 918 F.2d 789, 791 (9th Cir.1990), cert. denied, 111 S.Ct. 1335 (1991).
 
 
 11
 Ortiz pleaded guilty to a First Superseding Information in which he was charged with possessing with intent to distribute approximately 936.8 grams of a substance containing heroin. Under U.S.S.G. § 2D1.1, the base offense level for this quantity of heroin is 30. Ortiz argues that it was error for the district court to sentence him based upon the total quantity of heroin seized (3.22827 kilograms, with a base offense level of 34), rather than the quantity to which he pleaded guilty.
 
 
 12
 Guidelines § 1B1.3(a)(2) provides that the base offense level is to be calculated on the basis of all "acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction...." We have held that a district court may use the aggregate amount of drugs contained in counts that have been dismissed to calculate the base offense level, provided the acts specified in such counts were part of the same course of conduct or common scheme or plan. See United States v. Turner, 898 F.2d 705, 710-11 (9th Cir.), cert. denied, 495 U.S. 962 (1990). Thus, it was proper for the district court to follow the Presentence Report ("PSR"), which held Ortiz accountable for the entire 3.22827 kilograms of heroin involved in the conspiracy.
 
 
 13
 Ortiz also argues that the district court erred by not granting him a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). Starting from the base offense level of 34, the PSR recommended that Ortiz receive a two-point upward adjustment under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm during the offense. The PSR then recommended that Ortiz receive a two-point reduction for acceptance of responsibility, for a total offense level of 34. In the Judgment and Commitment Order, the district court adopted the PSR's Guideline calculations and sentenced Ortiz in accordance with a total offense level of 34. Accordingly, Ortiz did receive an adjustment for acceptance of responsibility.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court's finding that Ortiz did not meet his burden under the first prong of the Franks test, we need not decide whether Ortiz met the second prong, i.e., whether he demonstrated that the affidavit, stripped of the errors, would not have established probable cause