UNITED STATES of America, Plaintiff–Appellee,

v.

Avinell LEAKE, Defendant–Appellant.

No. 89–50266.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 1990.

Decided July 20, 1990.

Carl J. Klein, El Cajon, Cal., for defendant-appellant.

Roger W. Haines, Jr. and Shane Harrigan, Asst. U.S. Attys., San Diego, Cal., for plaintiff-appellee.

Before CANBY and LEAVY, Circuit Judges, and PRICE *, District Judge.

PRICE, District Judge:

## OVERVIEW

Appellant Avinell Leake was charged by information with twenty-nine counts of passing forged checks at areas within federal jurisdiction, in violation of 18 U.S.C.

§ 13 (1988)[1] and Cal. Penal Code § 470(a) (West Supp.1990).[2] She pleaded guilty to three counts. A magistrate sentenced her to one year on each count, to be served consecutively. The district court affirmed the sentence.[3]

Leake attacks the legality and length of her sentence. Our jurisdiction is derived from 28 U.S.C. § 1291 (1982). We vacate the sentence and remand for resentencing.

## DISCUSSION

I. Sentence Comparable to the State Sentence

■ Leake first argues that since she was charged under the Assimilative Crimes Act, 18 U.S.C. § 13, she must be sentenced to a period of time comparable to that which a state court would impose in the locale of the federal enclave which was the scene of the crime.

It is true, of course, that section 13 provides that those convicted of offenses charged under section 13 shall be subject "to a like punishment." Thus, we have held that "[the] state statute ... fixes the length of the sentence imposed by federal courts under the Assimilative Crimes Act." *United States v. Smith,* 574 F.2d 988, 992 (9th Cir.), *cert. denied,* 439 U.S. 852, 99 S.Ct. 158, 58 L.Ed.2d 156 (1978).

The magistrate imposed a sentence within the limits imposed by state law. The crime of forgery is what the California cases call a "wobbler," that is, it is punishable as either a felony or a misdemeanor. *See* Cal. Penal Code § 473 (West 1988). If the forgery is treated as a misdemeanor,

---

* The Honorable Edward Dean Price, United States District Judge for the Eastern District of California, sitting by designation.

1. Title 18, United States Code, section 13 provides in part:

    Whoever within or upon any [area of federal jurisdiction] is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

2. Cal. Penal Code § 470(a) provides in part:

    Every person who, with intent to defraud, signs the name of another person, or a fictitious person, knowing that he or she has no authority so to do, to, or falsely makes, forges, or counterfeits, any ... check ... is guilty of forgery.

3. The district court reversed a $25 penalty assessment fee pursuant to *United States v. Munoz–Flores,* 863 F.2d 654 (9th Cir.1988), *rev'd, United States v. Munoz–Flores,* — U.S. —, 110 S.Ct. 1964, 109 L.Ed.2d 384 (1990). That issue is not part of this appeal.

the maximum penalty is one year. *Id.* Clearly the magistrate's decision to impose a one-year sentence on each count falls within the one-year maximum provided by state law.

Leake also argues that state law does not permit the court to impose consecutive sentences for her misdemeanors. The magistrate, however, imposed a consecutive sentence for each misdemeanor count, for a total of three years. Although the issue has not been squarely reached by the California Supreme Court, lower California courts have held that consecutive sentences for wobblers treated as misdemeanors would not be proper if the aggregate sentence would be larger than the sentence that would result if the offenses were treated as felonies. *See People v. Powell,* 166 Cal.App.3d Supp. 12, 14–16, 212 Cal. Rptr. 454, 455–56 (1985). Consecutive sentences for wobblers treated as misdemeanors can sometimes exceed consecutive sentences for wobblers treated as felonies because California has imposed statutory limits on consecutive sentencing for felonies but has imposed no explicit limits on consecutive sentencing for misdemeanors. *Id.* at 21–22, 212 Cal.Rptr. 454 (discussing California's Determinate Sentencing Law as reflected in Cal. Penal Code § 1170.1 (West Supp.1990)).

Leake's aggregate three-year sentence does not run afoul of what would be the permissible maximum under California sentencing law. Leake concedes, and we agree, that if her offenses were considered felonies, the calculus involved in Cal. Penal Code § 1170.1 would permit a three-year sentence.[4] Appellant's Brief at 14. Leake's aggregate three-year sentence for misdemeanor offenses therefore does not exceed the permissible maximum under California law.

Even though her sentence was within the maximum and minimum terms established by state law, Leake maintains that it was excessive, because under the state sentencing scheme she would be released after spending eighteen months in prison. She points to the fact that she pleaded guilty to two felonies in state court, and that even though she was sentenced to two three-year concurrent sentences, she was to be released in eighteen months.

The general rule is that "[o]nce the court has applied state law to determine the applicable term of years for the sentence, the Assimilative Crimes Act does not further require adherence to state policy with reference to parole eligibility." *Smith,* 574 F.2d at 992. Leake does not specify the state provisions entitling her to a release, and we assume her release would occur pursuant to state correctional policies unrelated to the term of years that was imposed for her crimes. We refuse to adhere to state correctional policies because such adherence with regards to a federal prisoner creates "two classes of prisoners serving in the federal prisons: Assimilative Crimes Act prisoners and other federal prisoners," a situation which is "disruptive to [the federal] correctional administration." *Id.* Leake is not entitled to a reduction of her federal sentence pursuant to state correctional policies.

---

**4.** The relevant provision of Cal. Penal Code § 1170.1 provides in part:

(a) ... [W]hen any person is convicted of two or more felonies ... and a consecutive term of imprisonment is imposed ..., the aggregate term of imprisonment for all such convictions shall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section 667.5, 667.6, or 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any enhancements.... The subordinate term for each consecutive offense which is not a "violent felony" as defined in subdivision (c) of Section 667.5 shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements. In no case shall the total of subordinate terms for such consecutive offenses which are not "violent felonies" ... exceed five years.

Leake conceded at the sentencing hearing that the felony of forgery would carry possible terms of three years, two years, or sixteen months, and that the usual term, absent aggravating circumstances, is the middle term. Excerpt of Record at 23. *See also* Cal. Penal Code §§ 18 (West 1985), 1170(2)(b) (West Supp.1990).

Finally, *United States v. Bosser*, 866 F.2d 315 (9th Cir.1989) does not support the proposition that Leake is entitled to a sentence no longer than eighteen months. In *Bosser* we concluded that state procedures allowing for deferred acceptance of guilty pleas constituted an alternative, substantive punishment for the defendant's offense. *Id.* at 316. Therefore, a magistrate's decision to sentence the defendant under those provisions was proper under the Assimilative Crimes Act. *Id.* at 318. However, Leake makes no showing that a similar deferred-acceptance rule exists in California which would entitle Leake to a release after eighteen months.

## II. The Presentence Report

■ Leake next complains that the presentence report was flawed in that it calculated her sentence under the Sentencing Guidelines instead of the state sentencing scheme. Essentially, Leake argues that it was improper to apply the Federal Sentencing Guidelines to sentence her for her offenses.

We reject the argument that the Sentencing Guidelines do not apply for the same reasons expressed by the Tenth Circuit in *United States v. Garcia*, 893 F.2d 250 (10th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1792, 108 L.Ed.2d 793 (1990):

> Federal judges, like their state counterparts, can only be required to impose sentences for assimilative crimes that fall within the maximum and minimum terms permitted under state law. Efforts to duplicate every last nuance of the sentence that would be imposed in state court has never been required. For example, federal courts need not follow state parole policies, including provisions for good time credits. *See e.g. United States v. Binder*, 769 F.2d 595, 600 (9th Cir.1985). In addition, Congress has expressly made applicable to assimilative crimes the federal provision requiring that a special monetary assessment be imposed on convicted persons. 18 U.S.C.

§ 3013(d) [1988]. Therefore we hold that the Assimilative Crimes Act requires courts to impose sentences for assimilative crimes that fall within the maximum and minimum terms established by state law. However, within the range of discretion permitted to a state judge, a federal judge should apply the federal sentencing guidelines to the extent possible.

*Garcia*, 893 F.2d at 254 (citations omitted). In sum, because federal courts enjoy discretion in sentencing for assimilative crimes as long as the sentence falls within the minimum and maximum sentence specified by state law, because an application of the Guidelines within that maximum and minimum falls under this discretion, and because there is evidence that Congress meant to extend the application of the Guidelines to assimilative crimes, we hold that the Guidelines are applicable to assimilative crimes such as Leake's.

## III. Upward Departure

■ Leake argues that if the Guidelines apply, the magistrate improperly departed from the sentencing range applicable to her offenses.

Leake does not seem to contest the propriety of setting her base offense level at six pursuant to Guideline §§ 2X5.1 and 2F1.1(a);[5] that a one-level increase resulted from the amount at stake under section 2F1.1(b)(1); and that the planning involved in the commission of the offenses justified an increase in offense level to ten under section 2F1.1(b)(2)(A). Leake also does not challenge the determination that her criminal history totalled nine points, and therefore places her in Criminal History Category IV. *See* Sentencing Table, Ch. 5, Part A.

The magistrate concluded that Leake's sentence, without any departures, resulted in a sentencing range of ten to sixteen months. As Leake notes, this conclusion was only correct assuming that the court implicitly adopted the presentence report's recommendations to reduce the offense lev-

---

**5.** All citations are to the 1988 version of the Guidelines, which was in force at the time of Leake's offense.

el by two levels on account of acceptance of responsibility. *See id.,* (Criminal History Category IV with an offense level 10 produces a range of fifteen to twenty-one months; the same Category IV with an offense level of eight produces a range of ten to sixteen months).

Even though the magistrate concluded that the range of ten to sixteen months was applicable, the magistrate departed from that range and sentenced Leake to three one-year consecutive sentences for a total of three years. Leake contends that the departure is unreasonable.

We reverse and remand for resentencing without reaching the issue of reasonableness. In reaching its conclusion that a departure was warranted, the magistrate considered several of Leake's prior convictions. These included five convictions of fraudulent activity and two assault and battery convictions. The sentences for those convictions were imposed between August 1970 and November 1974, and none of them involved imprisonment for over a year and one month. Leake's present offenses occurred in January and February 1988. It is undisputed that under those circumstances the prior convictions were too remote in time to be considered in determining Leake's criminal history category. *See* Guideline § 4A1.2(e)(2)–(3). The issue therefore is whether the magistrate could consider the convictions for purposes of an upward departure.

■ We review de novo a district court's determinations that a particular aggravating circumstance is not adequately considered in the Guidelines, that is, "that the [Sentencing] Commission has not intended to foreclose the district court from departing from the Guidelines." *United States v. Lira–Barraza,* 897 F.2d 981, 984–85 (9th Cir.1990).

Guideline § 4A1.3 allows a sentencing court to depart from the applicable sentencing range if it finds that "the [defendant's] criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct." Further guidance on departure based on remote convictions is provided by the commentary to Guideline § 4A1.2, which provides in part:

> Section 4A1.2(e) establishes the time period within which prior sentences are counted. *If the government is able to show that a sentence imposed outside this time period is evidence of similar misconduct* ... the court may consider this information in determining whether to depart and sentence above the applicable guideline range.

Application Note 8, Guideline § 4A1.2 (emphasis added).

■ Based on the above commentary, we conclude that the Guidelines reject the possibility that an upward departure could be based on remote convictions having no similarity to the offense for which the defendant is being sentenced.

The magistrate, in deciding to depart upward from the applicable sentencing range, properly considered the remote convictions involving fraudulent activity. Those convictions are "evidence of similar misconduct" to the offenses to which Leake pleaded guilty, namely the passing of forged checks at naval commissaries.

The result is otherwise with respect with the two remote convictions involving assault and battery. Those offenses have nothing in common with the offenses involved here, and it was error for the magistrate to consider them in deciding to upwardly depart. "[W]hen some of the reasons stated [for a departure] are proper and some are improper, we must vacate and remand for resentencing." *United States v. Cervantes–Lucatero,* 889 F.2d 916, 919 (9th Cir.1989). We therefore vacate Leake's sentence and remand for resentencing.

On resentencing, the court should indicate whether it is reducing Leake's offense level on account of acceptance of responsibility. If the court again implements a departure by imposing consecutive sentences, it should state whether that departure conforms to, or is affected by, Guideline § 5G1.2, which deals with sentencing on multiple counts of conviction.

The sentence is VACATED and the case REMANDED for resentencing.