10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James L. GALLAHER, Defendant-Appellant.
 No. 92-30505.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1993.*
Decided Nov. 23, 1993.
 
 Before: TANG, FARRIS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James H. Gallaher appeals his sentence for convictions of two counts of abusive sexual contact, in violation of 18 U.S.C. Sec. 2244(a)(1). Gallaher challenges the district court's 13 month upward departure, and the court's order that the sentence run consecutive to an unrelated, undischarged sentence. We vacate and remand for resentencing.
 
 I.
 
 3
 The district court determined that the appellant's offense level was 16, and that his criminal history category was VI, resulting in a sentencing range of 46-57 months. However, because the appellant's criminal history points totaled 20, and because he had numerous tribal and state court convictions that were not assigned criminal history points, the district court held that the applicable sentencing range did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit future crimes. The district court departed upward by 13 months.
 
 
 4
 Under the Sentencing Guidelines, an upward departure is warranted "[i]f reliable information indicates that the criminal history category does not adequately reflect the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. Sec. 4A1.3 (policy statement). However, an upward departure based on the inadequacy of a defendant's criminal history category is proper only when a defendant's criminal record is "significantly more serious" than that of other defendants in the same category. United States v. Streit, 962 F.2d 894, 903 (9th Cir.) cert. denied, 113 S.Ct. 431 (1992). Moreover, if a district court departs based on criminal history, it is required to specify the particular facts of a defendant's criminal history that illustrate why a defendant is unlike other defendants in the same category. Id. at 903.
 
 
 5
 In deciding to depart upward in this case, the district court expressed concern that the appellant's criminal history point total of 20 was underrepresented in criminal history category VI, because the Sentencing Guidelines place all defendants with a criminal history point total of 13 or more in category IV. However, other than noting the appellant's general assaultive behavior and his refusal to comply with lawful authority, the district court did not specify any particular facts of the appellant's criminal history that make him unlike other defendants in the same category.
 
 
 6
 A long, uninterrupted string of criminal convictions of accelerating seriousness may be a basis for an upward departure. United States v. Singleton, 917 F.2d 411, 413 (9th Cir.1990). While the appellant has a substantial criminal history, only six of the appellant's criminal history points have accrued since 1987. Of these, three have been for alcohol related offenses, and three have been for stealing salmon from a government hatchery. To the extent that its upward departure was based solely upon the appellant's number of criminal history points, the district court has abused its discretion.
 
 
 7
 The district court also relied upon the appellant's extensive number of tribal offenses. While tribal court convictions may not be assigned criminal history points, they may be used when determining the adequacy of a defendant's criminal history under U.S.S.G. Sec. 4A1.3(a). From 1981 until 1991, the appellant was convicted of twelve tribal offenses, with one pending. Review of the record indicates that the district court sufficiently specified that the appellant's level VI criminal history category failed to reflect these offenses. United States v. Hoyungowa, 930 F.2d 744, 747 (9th Cir.1991). To the extent the district court relied upon these tribal court offenses, the upward departure was permissible.
 
 
 8
 Finally, the district court considered the appellant's three state court offenses from 1977, which included a dangerous weapon violation, driving while intoxicated, and second degree assault, as justification for departing upward. These offenses were not assigned criminal history points because of their remoteness. See U.S.S.G. Sec. 4A1.2(e). However, "[i]f a court finds that a sentence imposed outside [the relevant] time period is evidence of similar, or serious dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted under Sec. 4A1.3 (Adequacy of Criminal History Category)." U.S.S.G. Sec. 4A1.2 (application note 8); United States v. Leake, 908 F.2d 550, 554 (9th Cir.1990).
 
 
 9
 The dangerous weapon violation and conviction for driving while intoxicated, for which appellant received sentences of thirty-two days and seventy-five days respectively, are neither similar to his conviction for abusive sexual contact, nor sufficiently serious to be considered evidence of serious dissimilar criminal conduct. See id. On the other hand, the appellant's conviction for second degree assault is sufficiently similar to abusive sexual contact for it to be considered when determining whether to depart upward under U.S.S.G. Sec. 4A1.3.
 
 
 10
 An assault is present in almost all cases of abusive sexual contact. While all assaults do not involve sexual contact, the underlying conduct, the threat to do harm to another, is present in both. Moreover, the Sentencing Commission considers these offenses similar, as it chose to group both offenses in a single part; U.S.S.G. ch. 2, part A. See United States v. Starr, 971 F.2d 357, 362 (9th Cir.1992) (finding relevant to similarity under U.S.S.G. Sec. 4A1.2, the fact that embezzlement and possession of stolen property were grouped in the same part as bank robbery). Therefore, the district court's decision to depart upward based on these state court convictions is only permissible to the extent that it relied on the conviction for second degree assault.
 
 
 11
 Because the district court's decision to depart upward might have been based on improper as well as proper considerations, we must vacate the sentence and remand for resentencing. United States v. Leake, 908 F.2d 550, 554 (9th Cir.1990).
 
 II.
 
 12
 The district court ordered the appellant's sentence in this case to run consecutively to an undischarged 21 month sentence in an unrelated federal case. The district court's rationale for this decision was its "policy of not running sentences concurrent for separate and distinct criminal acts." Both the appellant and the government agree that the sentences should have been ordered to run concurrently to each other.
 
 
 13
 Under the Sentencing Guidelines,
 
 
 14
 if the prior undischarged term of imprisonment resulted from a federal offense and was imposed pursuant to the Sentencing Reform Act, the sentence for the instant offense shall be imposed to result in a combined sentence equal to the total punishment that would have been imposed under Sec. 5G1.2 ... had all the sentences been imposed at the same time.
 
 
 15
 U.S.S.G. Sec. 5G1.3 (1991). Section 3D1.4(c) directs the district court to "[d]isregard any Group that is nine or more levels less serious than the Group with the highest offense level," when determining the combined offense level. The offense level for the undischarged federal offense was 7, exactly 9 levels less serious than the instant offense. Accordingly, the district court erred when it ordered the appellant's sentence to run consecutively to the undischarged sentence.
 
 
 16
 VACATED and REMANDED for resentencing.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3