29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James H. GALLAHER, Defendant-Appellant.
 No. 92-30505.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1993.*
Filed Nov. 23, 1993.
Withdrawn May 16, 1994.
Decided May 17, 1994.
 
 ORDER
 The memorandum disposition filed November 23, 1993 is withdrawn. It is ordered the attached memorandum disposition be filed.
 Before: TANG, FARRIS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James H. Gallaher appeals his sentence for convictions of two counts of abusive sexual contact in violation of 18 U.S.C. Sec. 2244(a)(1). Gallaher challenges the district court's 13 month upward departure, and its order that the sentence run consecutively to an unrelated, undischarged federal sentence. We vacate and remand for resentencing.
 
 I.
 
 3
 The district court determined that Gallaher's offense level was 16, and that his criminal history category was VI, resulting in an applicable sentencing range of 46-57 months. Because Gallaher's criminal history points totaled 20, and because he had numerous tribal and state court convictions that were not assigned criminal history points, the district court found that the applicable sentencing range did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit future crimes. See U.S.S.G. Sec. 4A1.3 (policy statement) (stating that an upward departure is warranted under the Sentencing Guidelines "[i]f reliable information indicates that the criminal history category does not adequately reflect the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes"). Accordingly, the district court departed upward from the applicable sentencing range by 13 months.
 
 
 4
 An upward departure based on the inadequacy of a defendant's criminal history category is proper only when a defendant's criminal record is significantly more serious than that of other defendants in the same category. United States v. Streit, 962 F.2d 894, 903 (9th Cir.), cert. denied, 113 S.Ct. 431 (1992). If the district court departs based on criminal history, it is required to specify the particular facts of a defendant's criminal history that illustrate why a defendant is unlike other defendants in the same category. Id. at 903. In this case, the district court noted that Gallaher's criminal history points totaled 20 and that he had numerous tribal and state court convictions that were not assigned criminal history points. We find such a criminal record significantly more serious than that of other defendants in the same category.
 
 
 5
 While tribal court convictions may not be assigned criminal history points, they may be used when determining the adequacy of a defendant's criminal history under U.S.S.G. Sec. 4A1.3(a). From 1981 until 1991, Gallaher was convicted of twelve tribal offenses, with one pending. Review of the record indicates that the district court sufficiently specified that Gallaher's level VI criminal history category failed to reflect these offenses. See United States v. Hoyungowa, 930 F.2d 744, 747 (9th Cir.1991).
 
 
 6
 The district court also considered as justification for departing upward Gallaher's three state court offenses from 1977. Those offenses included a dangerous weapon violation, driving while intoxicated, and second degree assault, but they were not assigned criminal history points because of their remoteness. See U.S.S.G. Sec. 4A1.2(e). However, "[i]f a court finds that a sentence imposed outside [the relevant] time period is evidence of similar, or serious dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted under Sec. 4A1.3 (Adequacy of Criminal History Category)." U.S.S.G. Sec. 4A1.2 (application note 8).
 
 
 7
 Gallaher's conviction for second degree assault is sufficiently similar to abusive sexual contact for it to be considered when determining whether to depart upward under U.S.S.G. Sec. 4A1.3. An assault is present in almost all cases of abusive sexual contact. While all assaults do not involve sexual contact, the underlying conduct, the threat to do harm to another, is present in both. Moreover, the Sentencing Commission considers these offenses similar as it chose to group both offenses in a single part, U.S.S.G. ch. 2, part A. See United States v. Starr, 971 F.2d 357, 362 (9th Cir.1992) (finding relevant to similarity under U.S.S.G. Sec. 4A1.2 the fact that embezzlement and possession of stolen property were grouped in the same part as bank robbery).
 
 
 8
 However, the dangerous weapon violation and conviction for driving while intoxicated, for which Gallaher received sentences of thirty-two days and seventy-five days respectively, are neither similar to his conviction for abusive sexual contact nor sufficiently serious to be considered evidence of serious dissimilar criminal conduct. See United States v. Leake, 908 F.2d 550, 554 (9th Cir.1990). "Those offenses have nothing in common with the offenses involved here, and it was error for the [district court] to consider them in deciding to [depart upward]." Id.
 
 
 9
 In the past, when the district court's decision to depart upward was based on proper as well as improper considerations, we were required to vacate the sentence and remand for resentencing. See id. However, in Williams v. United States, 112 S.Ct. 1112 (1992), the Supreme Court recently applied a harmless error standard to such situations:
 
 
 10
 [O]nce the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e. that the error did not affect the district court's selection of the sentence imposed.
 
 
 11
 ....
 
 
 12
 If the party defending the sentence persuades the court of appeals that the district court would have imposed the same sentence absent the erroneous factor, then a remand is not required under Sec. 3742(f)(1), and the court of appeals may affirm the sentence as long as it is also satisfied that the departure is reasonable under Sec. 3742(f)(2).
 
 
 13
 Id. at 1120-21. The Ninth Circuit has applied Williams in numerous cases. See, e.g., United States v. Cruz-Ventura, 979 F.2d 146, 150 (9th Cir.1992); United States v. Rodriguez-Razo, 962 F.2d 1418, 1420 (9th Cir.1992).
 
 
 14
 Our own review of the record convinces us that the district court's consideration of Gallaher's dangerous weapon violation and conviction for driving while intoxicated did not affect its selection of a 13 month upward departure. Moreover, given the significant number of Gallaher's criminal history points as well as the numerous convictions for which Gallaher was not assigned any criminal history points, we are satisfied that a 13 month upward departure is reasonable. Accordingly, we find the district court's errors harmless under the Williams test.
 
 II.
 
 15
 The district court's imposition of consecutive sentences was contrary to the Sentencing Guidelines' recommendation. Section 5G1.3 of the Sentencing Guidelines provides:
 
 
 16
 [I]f the prior undischarged term of imprisonment resulted from a federal offense and was imposed pursuant to the Sentencing Reform Act, the sentence for the instant offense shall be imposed to result in a combined sentence equal to the total punishment that would have been imposed under Sec. 5G1.2 ... had all the sentences been imposed at the same time.
 
 
 17
 U.S.S.G. Sec. 5G1.3 (1991). Thus, the district court should have determined Gallaher's combined offense level and imposed a combined sentence equal to the total punishment that would have been imposed had the sentences been imposed at the same time. Because the offense level for Gallaher's undischarged federal offense was 7, exactly 9 levels less serious than the instant offense, the district court should have disregarded it when determining Gallaher's combined offense level. See id. Sec. 3D1.4(c) (directing the district court to "[d]isregard any Group that is nine or more levels less serious than the Group with the highest offense level").
 
 
 18
 Nevertheless, the district court retained discretion under 18 U.S.C. Sec. 3584(a) to sentence Gallaher either concurrently or consecutively despite the Sentencing Guidelines' contrary recommendation. United States v. Wills, 881 F.2d 823, 825-27 (9th Cir.1989). When exercising this discretion, however, the district court was required to follow the Sentencing Guidelines' procedures for upward departure. See United States v. Pedrioli, 931 F.2d 31, 32-33 (9th Cir.1991); United States v. Fagan, 996 F.2d 1009, 1017 n. 9 (9th Cir.1993); United States v. Lail, 963 F.2d 263, 264 (9th Cir.1992). It did not do so. Rather, as is clear from the sentencing transcript, the district court viewed sentencing concurrently or consecutively as a matter within its absolute discretion; "I have a policy of not running sentences concurrent for separate and distinct criminal acts." We have rejected such absolute discretion as inconsistent with the policies behind the Sentencing Guidelines. See Pedrioli, 931 F.2d at 33. Accordingly, the district court's imposition of consecutive sentences was an erroneous upward departure.
 
 
 19
 Furthermore, we cannot affirm the district court's erroneous upward departure as harmless error under the Williams test set forth above. This is not a case of an upward departure being based upon proper as well as improper considerations, but is instead an upward departure based upon no considerations at all. The district court did not misapply the Sentencing Guidelines, it simply did not apply them. Therefore, we must vacate Gallaher's sentence and remand for resentencing. On remand, should the district court again depart upward by sentencing consecutively, it must do so in conformance with the Sentencing Guidelines' procedures for departure by (1) specifying an unusual circumstance not adequately considered by the Sentencing Guidelines, (2) making factual findings to support the existence of the identified circumstance permitting departure, and (3) justifying the extent of its departure. See id. at 32 n. 2; United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc).
 
 
 20
 VACATED and REMANDED for resentencing.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3