46 F.3d 1127
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin COBBINS, Defendant-Appellant.
 No. 94-5422.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 4, 1994.
Decided Jan. 9, 1995.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M. J. Garbis, District Judge. (CR-93-191-MJG)
 ARGUED: Russell Paul Butler, DITRANI & BUTLER, Camp Springs, MD, for Appellant. Virginia B. Evans, Assistant United States Attorney, Baltimore, MD, for Appellee. ON BRIEF: Lynne A. Battaglia, United States Attorney, Baltimore, MD, for Appellee.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The appellant, Kevin Cobbins, driving erratically on the Aberdeen Proving Ground, a federal reservation in Aberdeen, Maryland, was stopped by the military police and arrested. He subsequently pleaded guilty to a charge under the Assimilated Crimes Act ("ACA"), 18 U.S.C. Secs. 7 and 13, for driving while intoxicated, driving while under the influence of alcohol, and driving while his privilege to drive was revoked, crimes for which the applicable Maryland statute set a maximum of one year imprisonment. The magistrate judge sentenced Cobbins to an eleven month term in prison and also imposed a one-year term of supervised release. The district judge, however, reduced the term of supervised release to one month. Thereby, the two term portions of the sentence did not exceed, but merely equalled, the twelve month maximum set by Maryland law. The government has not appealed the one year to one month reduction of the term of supervised release, so we have no occasion to examine the question of whether eleven months of imprisonment plus one year of supervised release would amount to an excessive term of punishment.
 
 
 2
 On appeal, Cobbins first contends that the sentence imposed was not a "like punishment" within the meaning of the ACA because it made no provisions, such as those that would apply under Maryland law, concerning eligibility for parole and for good time credits. However, the ACA's "like punishment" provision requires only that federal court sentences for assimilated crimes fall "within the minimum and maximum terms established by state law." United States v. Young, 916 F.3d 147, 150 (4th Cir.1990). Cf. United States v. Harris, 27 F.2d 111, 115 (4th Cir.1994); United States v. Garcia, 893 F.2d 250, 254 (10th Cir.1989), cert. denied, 494 U.S. 1070 (1990); United States v. Leake, 908 F.2d 550, 552 (9th Cir.1990). It does not require federal courts to take into account every nuance of state sentencing procedure.
 
 
 3
 Cobbins also contends that his sentence was "plainly unreasonable" under 18 U.S.C. Sec. 3742(e)(4). Yet it is clear in light of the Appellant's five previous driving offenses involving alcohol, the revocation of his license, and his continued use of alcohol and drugs, that the sentence was not plainly unreasonable within the meaning of the statute.
 
 Accordingly, the judgment is
 
 4
 AFFIRMED.