10-4018-cr
United States v. Jackson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of December, two thousand eleven.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           RAYMOND J. LOHIER, JR.,
                *Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                *Appellee*,

                v.                                          No. 10-4018-cr

GREGORY JACKSON, a.k.a. G, a.k.a G-Money,
                *Defendant-Appellant*,

JOBIE BANKS, a.k.a. Butch, TERRANCE REED, a.k.a.
Supreme, TODD GASTON, a.k.a. BT, SYLVESTER
TWINE, a.k.a. Twan, DARRIN POSEY, a.k.a. Just,
SHAMEEK SUGGS, LASHAWN EVANS, MELISA
SANABRIA, JOSEPH BURKS, ROMELL WILLIS,
WARREN DUNBAR, KELLY TUCKER,
                *Defendants*.[*]

------------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the caption as shown above.

1

FOR APPELLANT:          Alice L. Fontier, Dratel & Mysliwiec, PC, New York, New York.

FOR APPELLEE:           Susan Corkery, Stephen J. Meyer, Assistant United States Attorneys, Of Counsel, *on behalf of* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 5, 2010, is AFFIRMED.

Defendant Gregory Jackson, who pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, see 21 U.S.C. §§ 841(a)(1), 846, appeals his 168-month prison sentence, a variance from his undisputed Guidelines range of 210 to 262 months, as both procedurally and substantively unreasonable. We review the challenged sentence "under a 'deferential abuse-of-discretion standard.'" United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Procedural Error

a.     Insufficient Proof of Drug Possession on March 10, 2010

Jackson submits that the district court committed procedural error in failing sua sponte to conduct a Fatico hearing, see United States v. Fatico, 579 F.2d 707, 713 (2d Cir. 1978), to determine whether a preponderance of the evidence supported allegations in the

2

presence report ("PSR") that Jackson possessed crack cocaine on March 10, 2010, while on bail in the instant case. It is worth noting at the outset that Jackson's alleged crack possession did not inform the district court's Guidelines calculation. Rather, it influenced the district court's decision as to how much to vary downward from Guidelines that treat crack cocaine crimes more harshly than powder cocaine crimes. We assume without deciding that a decision regarding the extent of a downward variance, when infected by clearly erroneous findings of fact, may be procedurally unreasonable. Cf. United States v. Moe, 65 F.3d 245, 249–251 (2d Cir. 1995) (considering whether findings of fact supporting upward departure were clearly erroneous). Absent such error, however, we would review the variance here only for its substantive reasonableness. See United States v. Cavera, 550 F.3d at 189.

We identify no clear error of fact here. The law accords district judges "broad discretion" in deciding what procedures to employ to resolve disputed facts at sentencing. United States v. Duverge Perez, 295 F.3d 249, 254 (2d Cir. 2002). While a defendant has a due process right to contest any facts that might be used to enhance his sentence, see United States v. Lee, 653 F.3d 170, 174 (2d Cir. 2011), a defendant has no per se right to do so through a full Fatico hearing, see United States v. Prescott, 920 F.2d 139, 144 (2d Cir. 1990). Jackson's March 10, 2010 possession of crack cocaine while on bail in this case, his attempt to ingest the crack cocaine when confronted by the police, and his flight from the police were all detailed in the PSR. Jackson and his counsel stated they had no objections to the PSR. The district court was therefore entitled to rely on these facts without an evidentiary hearing. See United States v. Jass, 569 F.3d 47, 66 (2d Cir. 2009).

3

Nor was a hearing required by Jackson's subsequent protestation that the crack found by the officers on March 10, 2010 "wasn't mine[]" and that he was "found innocent" of crack possession by a state court. Sentencing Tr. at 26–27. As the district court correctly observed, the state charge resulting from the March 10 possession was adjourned in contemplation of dismissal, which "doesn't necessarily mean that [Jackson was] found innocent." Id. at 27. More to the point, the district court observed that it had reviewed the government's sentencing letter, which explained why it had decided not to file a U.S.S.G. § 5K1.1 motion despite Jackson's undisputed cooperation. The government's letter described the events of March 10 in detail and reported that, after carefully questioning the arresting officers as well as Jackson, the government found the officers' account credible and Jackson's account not credible. The district court observed that its review of the government's letter and the PSR prompted it to reach the same conclusion, and further noted that Jackson's conduct duplicated past obstructive behavior, "where when you were caught with the goods by the police officers, you tried to ingest the controlled substance that you had at the time." Id. at 31. On this record, which also indicated that Jackson dealt drugs on some half-dozen other occasions when he was under court supervision, the district court was not required to hold a Fatico hearing regarding whether Jackson possessed crack. See generally United States v. Sisti, 91 F.3d 305, 312 (2d Cir. 1996) (recognizing sentencing court's authority to consider hearsay evidence as well as evidence of uncharged, withdrawn, or acquitted conduct in determining sentence).

4

b.     Consideration of Past Lenient Sentences

Jackson submits that the district court impermissibly and inexplicably increased his sentence based on the leniency of his prior sentences.  This argument misconstrues the record.  As explained herein, the record indicates that the district court granted Jackson a variance, and it referenced his prior lenient sentences only to explain how concerns about the need for deterrence informed its decision not to vary as far downward from the Guidelines as it otherwise might have done.  Cf. United States v. Diaz-Collado, 981 F.2d 640, 644 (2d Cir. 1992) ("The Guidelines explicitly recognize that departures may be warranted when a defendant's previous sentences ha[ve] been 'extremely lenient . . . for a serious offense.'").

The district court properly began by calculating the Guidelines, which placed Jackson at offense level 34 and at criminal history category IV, resulting in a sentencing range of 210 to 262 months' imprisonment.  The district court then reviewed the sentencing factors specified in 18 U.S.C. § 3553(a), and decided to exercise its discretion to impose a non-Guidelines sentence because of the Guidelines' disparate treatment of crack cocaine and powder cocaine offenses.  See Kimbrough v. United States, 552 U.S. 85, 91 (2007). Acknowledging that its discretion was cabined by a mandated statutory minimum prison sentence of 120 months, the district court then proceeded to identify facts favorable and unfavorable to Jackson in determining his final sentence.

In the latter category, the district court referenced the particularly "disturbing" fact that Jackson "persist[ed] in engaging in criminal conduct" on numerous occasions when he was "under a conditional discharge or a sentence of probation or parole."  Sentencing Tr. at

36. After detailing such occurrences, the district court explained that the need for adequate deterrence pointed toward a sentence within the Guidelines range, "because I don't know that there is anything[] that . . . I have heard today or . . . seen in your background that tells me that you are not going to do this again." Id. at 38. The district court stated, however, that it would not impose a sentence within the Guidelines range in light of Jackson's cooperation with the government, even though the government declined to file a § 5K1.1 motion. This record demonstrates that the district court carefully considered a range of relevant, permissible sentencing factors, and it shows no procedural error whatsoever.

2.      Substantive Reasonableness

In the absence of procedural error, our review of Jackson's 168-month sentence is limited to substantive unreasonableness, which we will not identify except in "exceptional cases" where a district court's sentence "cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted). That is not this case. The record demonstrates Jackson's street-level dealing in an organization that distributed at least 50 grams of crack cocaine. By statute, the district court was required to sentence Jackson to a minimum 120-month prison sentence. See 21 U.S.C. § 841(b)(1)(A). A sentence four years higher than this minimum cannot be deemed outside the range of substantive reasonableness in light of Jackson's persistent recidivism even while on court supervision, including his arrest for crack possession, attempted destruction of evidence, and resisting arrest while on bail in the instant case.

Because we identify no merit in Jackson's sentencing challenges, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court