24-714-cr
*United States v. Cirino*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty-four.

PRESENT:
> BETH ROBINSON,
> ALISON J. NATHAN,
> > *Circuit Judges*,
> VINCENT L. BRICCETTI,
> > *District Judge.*\*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                          No. 24-714-cr

LUIS CIRINO, AKA GORDO, AKA G,

> *Defendant-Appellant*,

_____

\* Judge Vincent L. Briccetti, of the United States District Court for the Southern District of New York, sitting by designation.

MICHAEL RIVERA, ANGEL SALINAS, AKA
CHINO, JAVIER VASQUEZ, ANGEL CRUZ,
ALBA LORENGIE FILOMENO-GOMEZ,
JASMINE DELGADO, OMAR RIVERA, AKA O,

     *Defendants.*

_____

FOR APPELLANT:                 KELLY M. BARRETT (Allison Kahl, Thomas McCudden, *on the brief*) *for* Terence S. Ward, Federal Defender, District of Connecticut.

FOR APPELLEE:                DANIEL CUMMINGS, (Robert S. Ruff, Conor M. Reardon, *on the brief*) *for* Vanessa Roberts Avery, United States Attorney, District of Connecticut.

Appeal from an order of the United States District Court for the District of Connecticut (Oliver, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on March 12, 2024, is **AFFIRMED**.

Defendant Luis Cirino appeals from a district court order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

2

Cirino pled guilty in 2019 to conspiracy to possess with intent to distribute several kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Following the United States Sentencing Guidelines (the "Guidelines"), the sentencing court calculated that Cirino had a total offense level of 31 and a total criminal history score of 5, which falls into criminal history category III. Cirino's five-point criminal history score included two points—known as "status points"—that the sentencing court added because Cirino committed his offense while serving a sentence of supervised release for a different conviction. The sentencing court calculated an advisory Guidelines range of 135 to 168 months' incarceration and imposed a prison sentence of 135 months.

In November 2023, the United States Sentencing Commission promulgated Amendment 821 to the Guidelines, which eliminated the practice of adding two "status points" to a criminal history score when a defendant committed a crime while serving a sentence for a previous criminal conviction. *See* U.S.S.G. App. C, amend. 821, Part A (2023). The Sentencing Commission determined that its elimination of "status points" would apply retroactively. *Id.* Cirino thus moved for a reduction in his sentence under 18 U.S.C. § 3582(c)(2), asking the district

court to recalculate and lower his sentence under the retroactive provision of Amendment 821.

Applying the retroactive amendment, pursuant to which Cirino fell into criminal history category II, the district court calculated an updated advisory Guidelines range of 121 to 151 months' imprisonment. The district court concluded that, notwithstanding Cirino's eligibility for a sentence reduction under Amendment 821, no sentence reduction was warranted under the sentencing considerations listed in 18 U.S.C. § 3553(a). *See* App'x 36-42. In reviewing the § 3553(a) factors, the district court emphasized the seriousness of the conduct leading to Cirino's conviction, his leadership role, his criminal history, and the fact that he committed the crime while on supervision for a prior conviction. It also considered his post-sentence conduct, including a disciplinary citation for "Escape." *Id.* at 41. In light of these factors, the district court concluded that reducing Cirino's sentence would not serve the purposes of sentencing. The district court therefore denied Cirino's motion for a sentence reduction and allowed his original sentence of 135 months' imprisonment to stand. *See id.* Cirino appealed, arguing that the district court erred when it declined to reduce his sentence.

We review the district court's denial of Cirino's motion for abuse of discretion; we review questions of law without deference to the district court. *See United States v. Williams*, 102 F.4th 618, 623 (2d Cir. 2024). We discern no such abuse of discretion or legal error here.

Cirino first argues that the district court abused its discretion when it considered Cirino's history of recidivism as a factor weighing against a sentence reduction. Cirino correctly notes that the Sentencing Commission promulgated Amendment 821 because it viewed "status points" as unfairly punitive of recidivists with no effective reduction in recidivism. *See* Defendant's Br. 7-8. But we reject the suggestion that the amendment signifies that a court considering a motion for sentence reduction should *never* consider the fact that an individual reoffended while on supervision.

Here, the district court concluded that Cirino's history of recidivism was particularly concerning given Cirino's conviction for leading a cocaine distribution operation so shortly after his release from prison for a different narcotics conspiracy conviction. *See* App'x 41. Despite the Sentencing Commission's general conclusion that the "status points" were not helpful for the purposes of calculating an advisory Guidelines sentence range, the district

court did not abuse its discretion when it considered the specific circumstances of Cirino's recidivism and concluded that there was a strong need for deterrence in this particular case.

We likewise reject Cirino's argument that the district court overstated the seriousness of Cirino's criminal history. Cirino does not contend that the district court misstated any facts about Cirino's criminal history; he just challenges the district court's description of that history as "extensive" given that a number of his convictions were far enough in the past that they did not count in his criminal history score for Guidelines purposes. But the district court's description of Cirino's criminal history as "extensive" was not clearly erroneous in light of his complete history; the district court is not limited to the Guidelines criminal history framework in characterizing Cirino's past criminal history. *See, e.g.*, *United States v. Diaz-Collado*, 981 F.2d 640, 644 (2d Cir. 1992); *United States v. Soliman*, 889 F.2d 441, 444-45 (2d Cir. 1989). And we see no abuse of discretion in the district court's determination that Cirino's history was a factor supporting its conclusion that the "significant need for deterrence" weighed against reducing Cirino's sentence. App'x 41.

We similarly reject Cirino's contention that the district court assigned inordinate weight to his post-sentence disciplinary citation for "Escape" from his minimum security facility. But it falls to the district court to determine the weight assigned to that fact. *See United States v. Keitt*, 21 F.4th 67, 72 (2d Cir. 2021) (deferring to the district court's assignment of weight to respective § 3553(a) factors).

Finally, Cirino argues in his reply brief that the district court improperly considered that Cirino's offense involved drugs that were cut and multiplied. "Issues raised for the first time in a reply brief are generally deemed waived." *Conn. Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010). But we exercise our discretion to note that the district court's decision does not rely in significant part on the notion that Cirino cut the narcotics he distributed; rather, the district court emphasized that Cirino's conduct was especially harmful to the community because it involved large, multi-kilogram shipments of cocaine. Even if the record does not support the conclusion that Cirino ever cut or multiplied drugs, the district court did not clearly err in concluding that "[m]any thousands of drug doses were dispensed as a result of Cirino's conduct." App'x 40.

* * *

Accordingly, the District Court's order is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court